UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL D. LEVITZ,<br><br>    Plaintiff,<br><br>    v.<br><br>QUALITY LOAN SERVICE OF WASHINGTON et al.,<br><br>    Defendants. | CASE NO. 2:22-cv-00623-JHC<br><br>ORDER |

This matter comes before the Court on attorney William Jeffry Barnes's application for leave to appear *pro hac vice* for Plaintiff Michael D. Levitz. Dkt. # 9. Having reviewed the application and the record, the Court DENIES it without prejudice.

"It is well recognized that the district court has the power to deny or revoke an attorney's *pro hac vice* status, which is grounded within the court's inherent power 'to control admission to its bar and to discipline attorneys who appear before it.'" *Andersen v. Lewis McChord Communities LLC*, No. 3:21-CV-05391-DGE, 2021 WL 6498254, at *1 (W.D. Wash. Dec. 20, 2021) (quoting *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1118 (9th Cir. 2005)). Local Civil Rule 83.1(d) sets forth the criteria for an application for an attorney to appear *pro hac vice*.

> An application for leave to appear *pro hac vice* shall be promptly filed with the clerk and shall set forth: (1) the name and address of the applicant's law firm; (2) the basis upon which "particular need" is claimed; (3) a statement that the applicant understands

ORDER - 1

that he or she is charged with knowing and complying with all applicable local rules; (4) a statement that the applicant has not been disbarred or formally censured by a court of record or by a state bar association; and (5) a statement that there are no pending disciplinary proceedings against the applicant.

LCR 83.1(d)(1).  The rule requires *local counsel* to "review, sign, and electronically file the applicant's *pro hac vice* application." LCR 83.1(d)(2).  The rule further provides, "By agreeing to serve as local counsel and by signing the *pro hac vice* application, local counsel attests that he or she is authorized and will be prepared to handle the matter in the event the applicant is unable to be present on any date scheduled by the court." *Id.*

   Plaintiff's claimed local counsel Sarah Stasch has yet to participate in this proceeding. Plaintiff Levitz filed local counsel's notice of appearance for her. Dkt. # 8. *Pro hac vice* applicant Barnes filed his own application despite Local Civil Rule 83.1(d)(2)'s requirement that local counsel be the one to file the application.  Dkt. # 9.  Given local counsel's lack of participation in the matter and failure to adhere to procedural requirements, the Court is not confident that she is "prepared to handle the matter in the event [Barnes] is unable to be present." LCR 83.1(d)(2).  Moreover, Barnes attached a letter to his application explaining prior incidents of grievances and discipline against him. Dkt. # 9.  In this letter he does not provide sufficient detail about his suspension and probation in Colorado to determine whether he has "not been . . . formally censured by a court of record" or that there are "no pending disciplinary proceedings against" him.

   The Court DENIES the application without prejudice.  The Clerk is directed to send uncertified copies of this Order to all counsel of record, to Plaintiff at his last known address, and to Attorney Barnes at his last known address.

   Dated this 17th day of June, 2022.

John H. Chun
United States District Judge

ORDER - 2