UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL D. LEVITZ,<br><br>       Plaintiff,<br><br>   v.<br><br>QUALITY LOAN SERVICE OF WASHINGTON et al.,<br><br>       Defendants. | CASE NO. 2:22-cv-00623-JHC<br><br>ORDER |

Plaintiff Michael D. Levitz filed this action on May 4, 2022 with the assistance of counsel. Dkt. # 1. On May 31, Judge S. Kate Vaughan granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). Dkt. # 5. As of the date of this order, Plaintiff has not served Defendants.[1] On August 15, the Court issued an order to show cause, requiring Plaintiff to explain why this action should not be dismissed for failure to serve Defendants in accordance with Federal Rule of Civil Procedure 4(m). Dkt. # 11.

---

[1] Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve all defendants within 90 days of the filing of the complaint. In a case involving a plaintiff seeking to proceed IFP, this 90-day period begins when the IFP application is granted or the plaintiff otherwise pays the filing the fee. *See Pedrin v. Judge L. Firm*, No. 15CV1932 BEN (KSC), 2016 WL 7029272, at *1 (S.D. Cal. Mar. 30, 2016); *Ecret v. Diamond*, No. C07-171RSL, 2007 WL 2743432, at *2 (W.D. Wash. Sept. 17, 2007). Therefore, the Rule 4(m) deadline expired on August 29—90 days after the IFP application was granted.

ORDER - 1

On August 26, Plaintiff (who is represented by counsel) himself filed a "Motion for Removal of Plaintiff Attorneys; Extension of Time to Respond to Order to Show Cause." Dkt. # 12. In this motion, Plaintiff seeks to terminate representation by his current counsel. He states that there are "no conflicts or disputes with his attorneys," but that "[s]ickness and health on the part of Plaintiff and his attorneys [] have created delays in serving a summons on defendants." *Id.* at 1. Therefore, Plaintiff seeks "removal of attorneys" and the opportunity to proceed pro se. *Id.* at 1, 3. He also seeks an extension of time to respond to the Court's order to show cause. *Id.* at 2–3.

A.      Motion to Proceed Pro Se

The Court construes Plaintiff's "Motion for Removal of Plaintiff Attorneys" as a motion to proceed pro se under Local Civil Rule 83.2(b)(5). In his motion, Plaintiff adequately explained why he wishes to proceed pro se: His current counsel is suffering from health complications, he is actively seeking new counsel, and proceeding pro se would provide Plaintiff with greater access to the Court's electronic filing system. *See* Dkt. # 12 at 1–3. Plaintiff's counsel received notice of the motion via the Court's electronic filing system.

Therefore, the Court GRANTS Plaintiff's motion to proceed pro se.

B.      Motion to Extend Time to Respond to the Order to Show Cause

Plaintiff also seeks additional time to respond to the Court's order to show cause, citing health concerns of both himself and his counsel, as well as his lack of access to the Court's electronic filing system. *See* Dkt. # 12 at 2–3. He also indicates that he may obtain new counsel "any day." *Id.* at 3.

The Court GRANTS Plaintiff's motion to extend the deadline to respond to the order to show cause. Plaintiff shall file a response within twenty-one (21) days of this order. In that filing, Plaintiff is directed to (1) update the Court as to the status of his search for counsel, and

(2) explain when he anticipates serving Defendants and how he intends to do so. Failure to file a timely response to this Court's order may result in dismissal.

Dated this 15th day of September, 2022.

*John H. Chun*

John H. Chun
United States District Judge

ORDER - 3